**David Michael ROME, Plaintiff,**

v.

**Officer Rodney ROMERO, (0013), Officer Dan Felkins (93016), Officer Jay Whittenburg (00012), Denver Police Department, and the City and County of Denver, Defendants.**

**No. 03–MK–1902(BNB).**

United States District Court,
D. Colorado.

Nov. 22, 2004.

David Michael Rome, Denver, CO, pro se.

Douglas Jewell, Bruno, Bruno & Colin, P.C., Geoffrey S. Wasson, Jeffrey John Clayton, Bruno, Bruno & Colin, P.C., Mary E. Toornman, Suzanne A. Fasing, Denver, CO, for Defendants.

## ORDER GRANTING, IN PART, MOTION TO STAY

KRIEGER, District Judge.

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion to Stay Discovery Pending Determination of Qualified Immunity (# 44), the Plaintiff's response (# 52), the Defendants' reply (# 53), and the Plaintiff's sur-reply (# 54);[1] and the Defendants' Unopposed Motion for Extension of Time to Designate Defendants' Expert Witnesses and to Extend Deadlines for All Discovery (# 61).[2]

### *BACKGROUND*

The Plaintiff's *pro se* Complaint (# 3) alleges four causes of action: (i) a claim under 28 U.S.C. § 1983 against Defendants Romero, Felkins, and Whittenberg, apparently alleging false arrest or the use of excessive force or both, in violation of the Fourteenth Amendment; (ii) a common-law claim of assault and battery against Defendants Romero, Felkins, and Whittenberg; (iii) a common-law claim of false arrest against Defendants Romero, Felkins, and Whittenberg; and (iv) a *Monell*-type claim against Defendant City and County of Denver under 42 U.S.C. § 1983. The Plaintiff requests compensatory and punitive damages, costs, and attorney's fees.

On June 6, 2004, Magistrate Judge Boland issued a Scheduling Order (# 38), setting a deadline of September 30, 2004 for the parties' designation of expert witnesses; November 30, 2004 for completion of discovery; and December 30, 2004 for the filing of dispositive motions.

On August 12, 2004, the Defendants moved for summary judgment (# 42) on, among other grounds, a claim of qualified immunity. Contemporaneously, the Defendants filed the instant Motion to Stay Discovery Pending Determination of Qualified Immunity (# 44), requesting that "all discovery be stayed pending the determination of the Motion for

---

1. The Court does not generally permit the non-movant to file a sur-reply in response to a reply filed by the movant. In light of the Plaintiff's *pro se* status, the Court has considered the arguments in the Plaintiff's sur-reply as a supplement to his response to the motion. However, the Plaintiff is advised that any future sur-replies filed without leave of Court will be disregarded.

2. The Court referred (# 45, 62) both motions to Magistrate Judge Boland for determination. This was error, as it is the Court's policy to hear all matters seeking stays. Accordingly, the reference of these motions to Magistrate Judge Boland is withdrawn.

Summary Judgment, or in the alternative, that only extremely limited discovery related to the resolution of the issues raised on summary judgment be allowed." *Id.* at 2.

On October 27, 2004, while the Motion for Stay of Discovery was pending, the Defendants filed the instant Unopposed Motion for Extension of Time (# 61), stating that "in order to avoid any potential confusion, Denver[3] is requesting that this Court allow Denver's designation of an expert witness pursuant to the Fed.R.Civ.P. 26(a)(2) and all discovery deadlines be extended to subsequent to the date of the ruling on Defendant's Motion to Stay Discovery."

## JURISDICTION

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## ANALYSIS

**A. Assertion of a qualified immunity defense does not automatically bar all discovery; discovery may continue as to claims unrelated to the defense and, in some circumstances, to elicit facts pertinent to the defense.**

 Government officials are entitled to qualified immunity from liability for civil damages under § 1983 when their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). The Supreme Court has suggested that, in order to avoid unnecessary exposure to burdensome discovery, the preferred practice is for the official to move to dismiss the claim on the grounds of qualified immunity before discovery is ordered. *Crawford–El v. Britton,* 523 U.S. 574, 598,

118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) ("if the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery"). In this case, although the individual Defendants asserted qualified immunity in their Answers, they did not seek a ruling on the issue until they filed the Motion for Summary Judgment, after discovery had already been opened.

 Although the Supreme Court recognizes that a well-supported claim of qualified immunity should shield a defendant from "unnecessary and burdensome discovery," *Crawford–El,* 523 U.S. at 598, 118 S.Ct. 1584, invocation of the defense is not a bar to all discovery. First, it is essential to recognize that because the defense of qualified immunity is limited to particular claims against particular individuals, the corresponding protection against burdensome discovery is also limited. The defense is available only to individual government officials, not governmental entities. *Owen v. City of Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980). Furthermore, it is applicable only against claims for monetary damages, and has no application to claims for declaratory or injunctive relief. *Meiners v. University of Kansas,* 359 F.3d 1222, 1233 n. 3 (10th Cir.2004). Finally, the doctrine is applicable only to claims against officers in their individual capacities; official-capacity claims, being the equivalent of a claim against an entity, are not subject to qualified immunity. *Id.*

 Even where a qualified immunity defense is asserted, some limited discovery is still permitted. As the Supreme Court in *Crawford–El* observed, qualified immunity does not protect an official from *all* discovery, but only from that which is "broad-reaching." 523 U.S. at 593 at n. 14, 118 S.Ct. 1584. Limited discovery may be necessary when the doctrine is asserted in a motion for summary judgment on contested factual assertions. *Id., citing Anderson v. Creighton,*

---

**3.** The preamble of the motion reads "COMES NOW, the Defendants, Rodney Romero, Dan Felkins, Jay Whittenberg, the Denver Police Department and the City and County of Denver (hereinafter 'Denver') ..." It is not clear whether the shorthand designation of "Denver" refers only to the Defendant City and County of Denver, the two entities named as Defendants, or to all of the Defendants collectively. Notably, the motion only requests an extension of time "to file Denver's expert witness designations," and requests relief on behalf of "Denver" regarding "Denver's Motion to Stay Discovery," suggesting that the shorthand refers to all Defendants.

483 U.S. 635, 646, n. 6, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) (discovery may be appropriate where, for example, the defendant's characterization of his actions differ from the plaintiff's characterization of those actions). A plaintiff faced with a defense of qualified immunity in a motion for summary judgment may also be entitled to conduct discovery to explore facts essential to justify opposition to the motion as provided for by Fed.R.Civ.P. 56(f).[4] *See Crawford–El*, 523 U.S. at 599 n. 20, 118 S.Ct. 1584; *see also Lewis v. City of Fort Collins*, 903 F.2d 752, 758 (10th Cir. 1990).

In addition, discovery up to the point when the qualified immunity issue is presented for adjudication may be appropriate. The protection of the governmental actor is best served when the issue of qualified immunity is raised at the earliest possible stage of the litigation. *Crawford–El*, 523 U.S. at 600, 118 S.Ct. 1584. Because the official controls when the issue is presented for adjudication, he cannot be said to be *unduly* burdened if he foregoes an opportunity to address the issue prior to the commencement of discovery, and instead waits to assert it until some point later in the litigation. In such circumstances, it may be appropriate to stay discovery only after the official presents the issue, and to require responses to existing discovery requests. *See e.g. Siegert v. Gilley*, 500 U.S. 226, 231, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) ("*[o]nce* a defendant pleads a defense of qualified immunity ... until this threshold immunity question is resolved, discovery should not be allowed.") (emphasis added).

### B. What discovery should be permitted in this case?

■■■ With this law in mind, the Court turns to the particular matters presented in the Defendants' Motion to Stay Discovery. First, the Court notes that the motion is made on behalf of all of the Defendants, including the Denver Police Department and the City and County of Denver. These two entities are not permitted to assert a defense of qualified immunity, and, therefore, are not entitled to a stay of discovery on the claims against them.

■■■ With regard to the pending discovery requests directed at the individual Defendants, the Court has only been provided with only three Requests for Production. Arguably, these requests would be properly answerable by the individual Defendants, notwithstanding their recent motion raising qualified immunity, because the requests were propounded prior to that issue being raised.[5] In any event, the Requests are essentially identical, each requesting four categories of items: (i) all documents in the possession of each individual Defendant "concerning the series of incidents described in the Complaint"; (ii) each officer's personnel file; (iii) documents regarding formal or informal complaints against each officer; and (iv) information regarding training received by each officer. The first category of items is independently discoverable, notwithstanding a claim of qualified immunity, because the request relates directly to the specific conduct underlying the claims and the defense of immunity. Like the parties in *Anderson*, the Plaintiff and Defendants here have offered differing versions of the underlying incident. Thus, limited discovery regarding the actual conduct is appropriate,[6] *Anderson*, 483 U.S. at 646 n. 6, 107 S.Ct. 3034, and the individual Defendants shall respond to item 1 on the Plaintiff's Request for Production. The remaining requests seek information that does not address the con-

---

**4.** A plaintiff requesting Rule 56(f) discovery in response to a defense of qualified immunity raised on summary judgment must supply the Court with an affidavit demonstrating how the requested discovery would relate to the qualified immunity issue. *Lewis*, 903 F.2d at 758.

**5.** It appears that these Requests were served on or about December 29, 2003. Although this date significantly precedes the Rule 16 conference in this case, and raises questions as to whether the requests were prematurely propounded in light of Fed.R.Civ.P. 26(d), the Defendants have made no argument on this ground and, absent such an argument, the Court will not presume the requests to be premature.

**6.** The Court does not read *Anderson* as merely restating the provisions of Fed.R.Civ.P. 56(f), and thus, will not require a party seeking discovery regarding the conduct in question to supply the affidavit required by that rule unless the discovery request was made for the first time in response to a summary judgment motion.

duct underlying the claim, and thus, would not be proper subjects for discovery from the individual Defendants once the issue of qualified immunity has been raised. However, these requests seek information that is discoverable with regard to the *Monell* claim against the Denver Police Department and City and County of Denver, for which the institutional Defendants are more appropriate sources for obtaining this information. Because the institutional Defendants are not entitled to a stay of discovery, the Court will deem items 2–4 in the Plaintiff's Request for Production to be propounded to these Defendants, and will direct them to respond to the Requests as if they had been served directly.

Finally, the Court turns to the issue of potential future discovery requests, and the corresponding scope of the stay of discovery that should be imposed. The foregoing discussion explores the type of discovery that the individual Defendants should be protected against: namely, discovery requests (i) directed against the individual Defendants, (ii) in support of a claim for monetary damages,[7] (iii) which seek information other than that relating to disputed factual issues regarding the actual events giving rise to the qualified immunity defense. By contrast, discovery requests directed at the institutional Defendants; relating to any claim for declaratory or injunctive relief; or seeking information regarding the individual Defendants' version of the incidents in question are properly made, notwithstanding the pendency of the Motion for Summary Judgment.

The second motion is the Defendants' Unopposed Motion for Extension of Time to Designate Defendants' Expert Witnesses and to Extend Deadlines for All Discovery. No good cause has been shown at this time for the broad relief requested. As explained above, extension of deadlines applicable to the institutional Defendants is not warranted by the individual Defendants' assertion of qualified immunity. Likewise, because some discovery against the individual Defendants can still be conducted on the terms set forth above, notwithstanding the pending Motion for Summary Judgment, the Court will not vacate the discovery deadline at this time. Should the individual Defendants remain

parties to the case after the Motion for Summary Judgment is determined, the parties can seek to modify the Scheduling Order if necessary.

### *CONCLUSION*

For the foregoing reasons, the Defendants' Motion to Stay Discovery Pending Determination of Qualified Immunity (# 44) is **GRANTED IN PART**, insofar as discovery of matters other than the contested facts of the underlying incident is **STAYED** as against the individual Defendants only, and **DENIED IN PART**, insofar as full discovery against Defendants Denver Police Department and City and County of Denver shall proceed, as shall any discovery requests to the individual Defendants relating to the facts surrounding the underlying incident. The Defendants' Unopposed Motion for Extension of Time to Designate Defendants' Expert Witnesses and to Extend Deadlines for All Discovery (# 61) is **DENIED** to the extent it is asserted on behalf of the institutional Defendants, and **DENIED** without prejudice as to the individual Defendants.

---

7. In this case, all of the Plaintiff's claims seek monetary damages.